[ORIGINAL]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

**10 CRIM.    144**

UNITED STATES OF AMERICA

    - v. -

WARREN JOSEPH ANNUNZIATA,

           Defendant.

- - - - - - - - - - - - - - - - x

INDICTMENT

10 Cr.

*Judge McMahon*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/10

COUNT ONE
(Extortion)

The Grand Jury charges:

1.  Local 91 of the United Craft and Industrial Workers Union ("Local 91") was a labor union that represented over 2,000 members who worked in various fields.  The majority of Local 91's members were bus drivers and bus escorts who worked for companies that contracted with the New York City Department of Education to provide students with school bus transportation to public schools throughout New York City, including in Manhattan and the Bronx, and in Westchester County.

2.  From approximately 1972 through the date of this indictment, WARREN JOSEPH ANNUNZIATA, the defendant, has at various times held leadership positions within Local 91, including the positions of President and Executive Director.  ANNUNZIATA was, at the time of this Indictment, Local 91's Pension Fund Administrator.  In that capacity, ANNUNZIATA had

responsibility for pension and benefit funds holding over $85 million in assets.

3. From at least in or about 1992, up to and including in or about 2009, in the Southern District of New York and elsewhere, WARREN JOSEPH ANNUNZIATA, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit and attempt to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of other persons, to wit, bus company owners doing business in interstate commerce, which consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, ANNUNZIATA used his position as a high-ranking Local 91 official to solicit and collect cash payments totaling over $500,000 from various bus company owners whose employees were members of Local 91.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT TWO
(Unlawful Labor Payments)

The Grand Jury further charges:

4. Paragraphs 1 and 2 of this Indictment are repeated and realleged and incorporated by reference as though fully set

2

forth herein.

5.   From at least in or about 1992, up to and including in or about 2009, in the Southern District of New York and elsewhere, WARREN JOSEPH ANNUNZIATA, the defendant, being an officer and employee of a labor organization which represented, sought to represent, and would admit to membership, the employees of employers who were employed in an industry affecting commerce, unlawfully, willfully, and knowingly did request, demand, receive, and accept a payment, loan, and delivery of money and other things of value, from such employers, associations of such employers, and persons acting in the interest of such employers, to wit, ANNUNZIATA used his position as a high-ranking Local 91 official to solicit, demand, and collect cash payments totaling over $500,000 from various bus company owners whose employees were members of Local 91.

(Title 29, United States Code, Sections 186(a)(2) and (b)(1), and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

6.   As the result of committing the offenses alleged in Counts One and Two of this Indictment, WARREN JOSEPH ANNUNZIATA, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the violations alleged in Counts One and Two, including but not limited to a sum of money equal to at

least $500,000 in United States currency, representing proceeds obtained as a result of the offenses described in Counts One and Two of this Indictment.

<h3 style="text-align:center">Substitute Asset Provision</h3>

    7. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant-

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property.

>(Title 18, United States Code, Section 981 and
>Title 28, United States Code, Section 2461(c)).

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

===

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

===

UNITED STATES OF AMERICA

- v. -

WARREN JOSEPH ANNUNZIATA,

Defendant.

===

Indictment

10 Cr.

(Title 18, United States Code, Sections 1951 and 2, and Title 29, United States Code, Section 186.)


                                    PREET BHARARA
                              United States Attorney

===

A True Bill:

_____
Foreperson